UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CV-81591-ROSENBERG

SECRET CONSULTING INC.,

    Plaintiff,

v.

MARK FOTOHABADI, et al.,

    Defendants.
_____/

## **ORDER DENYING THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on the Plaintiff's Verified Emergency Motion for Preliminary Injunction at docket entry 1-1. The Plaintiff filed the Motion in Florida state court, and the state court judge (i) decertified the Motion as an emergency and (ii) denied the Plaintiff's request for immediate *ex parte* relief. DE 1-1 at 70. After the judge's decision, the Defendants removed this matter to federal court and filed a response at docket entry 12. The Plaintiff subsequently filed a reply at docket entry 13. Upon review of the parties' briefing and for the reasons set forth below, the Motion is denied.

The Plaintiff is a consulting company that seeks to preliminarily enjoin the Defendants from using information the Defendants allegedly obtained from the Plaintiff in furtherance of the Defendants' business interests. DE 1-1 at 43. To obtain that relief, the Plaintiff must meet one of the highest standards in the law; a preliminary injunction is an "extraordinary remedy" and the Plaintiff must show that there is a "substantial likelihood that [it] will prevail on the merits." *E.g., Tobinick v. Novella*, No. 9:14-CV-80781, 2015 WL 1526196, at *5 (S.D. Fla. April 2, 2015). Here, the Defendants argue many different reasons why the Plaintiff has failed to meet the standard for a preliminary injunction. This Order focuses on only one of the Defendants' arguments—that the Plaintiff's case fails as a matter of law because California law governs this case.

The Plaintiff's Complaint brings four separate counts, but at the heart of each count is a contract between the Plaintiff and the Defendants. That contract is attached to the Plaintiff's Complaint. DE 1-1 at 21. The contract contains a choice-of-law provision that selects Florida law. *Id.* at 23. Consistent with the provision, the Plaintiff argues that Florida law applies to its claims against the Defendants.

In response, the Defendants argue that California law applies, not Florida law. Because the contract contains a choice-of-law provision, however, Florida choice-of-law rules require that this Court presume that Florida law applies. *E.g., Interface Kanner, LLC v. JPMorgan Chase N.A.*, 704 F.3d 927, 932 (11th Cir. 2013). The Defendants can only overcome this presumption if there is a strong public policy reason to apply California law in lieu of Florida law. *E.g., Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1341 (11th Cir. 2005). On what grounds do the Defendants argue that there is a strong public policy reason for California law to apply in this case? There are three.

First, the location of the Defendants. The Defendants are presently residents and citizens of California. DE 12-1. Additionally, during the time the Defendants worked for the Plaintiff, they were residents and citizens of California. *Id.*

Second, California law protects citizens like the Defendants from contracts resembling the contract at issue in this case. Under Section 925(a) of the California Labor Code:

> An employer[1] shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following: (1) Require the employee to adjudicate outside of California a claim arising in California [or] (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California."

---

[1] The parties dispute whether the individual Defendant in this case should be treated as an employee or as an independent contractor. DE 8 at 2.

2

In the event a contract violates Section 925(a) of the Code, the relevant provisions are voidable by the employee and the matter must be litigated under California law in a California court. § 925(b). Here, the contract between the parties requires the Defendants to litigate what is arguably a California claim in Florida, and the agreement also requires Florida law to apply in lieu of California law. DE 1-1 at 23.

Third, the substantive, material terms of the contract between the parties are arguably forbidden under California law.  The contract reads as follows:

> For twelve (12) months effective upon the termination of the Agreement, Contractor will not directly or indirectly, within the Continental United States, solicit or otherwise perform **any** work or provide **any** services with or involving, directly or indirectly, any [of Plaintiff's] customers or suppliers.

DE 1-1 at 22 (emphasis added).  These prohibitions on the Defendants are without facial qualification.  California law arguably prohibits such terms, as it is "unlawful to include a noncompete clause in an employment contract, or to require an employee to enter a noncompete agreement." Cal. Bus. & Prof. Code § 16600.1(a).[2]

For the foregoing reasons, the Defendants have made, as a threshold matter, a persuasive argument.  The Court is persuaded that the contract between the parties may be so inapposite to California law that there is a strong public policy reason to apply California law to the Plaintiff's claims, not Florida law.

In its Reply, the Plaintiff argues that there is no public policy reason to apply California law.  This is so, the Plaintiff argues, because California law does not prohibit contractual agreements not to use a former employer's client lists and confidential information.  For that proposition, the Plaintiff cites to adequate authority. *E.g., John F. Matull & Assocs, Inc. v.*

---

2 There are exceptions under California law that allow for noncompete agreements, but the parties dispute whether any such exceptions apply in this case.

3

*Cloutier*, 194 Cal. App. 3d 1049, 1054 (Cal. Ct. App. 1987). The operative question, then, is whether the Plaintiff now seeks to hold the Defendants liable ***only*** for the use of confidential information and client lists, or whether the Plaintiff seeks to hold the Defendants liable for ***more***.

The Plaintiff's Complaint arguably seeks relief that would extend beyond client lists and confidential information. For example, the Plaintiff's Count I (a breach of contract claim) requests that the Court "award [Plaintiff] its damages resulting from [Defendants'] breach" of the parties' contract. DE 1-1 at 12. The alleged grounds for breach, however, include Defendants' establishment of a business entity that competes with the Plaintiff and the Defendants' offering of services that "are the same or substantially similar" to those offered by the Plaintiff. *Id.* at 11. The Plaintiff's Motion also arguably seeks relief beyond client lists and confidential information. The Plaintiff seeks to enjoin the Defendants from soliciting "any" business from customers on its lists, and to enjoin the Defendants from any use of Defendants' information that would "further" Defendants' business.[3] *Id.* at 43.

To be sure, the Plaintiff has made a substantial effort to constrain its request for relief in a way that California courts might accept. By way of example, the Plaintiff has included some qualifying language in its requests for relief, such as specifying that one basis for the Plaintiff's requested injunction is the Defendants' use of the Plaintiff's client lists. *Id.* But for the reasons set forth above, the Court has some doubt about whether the Plaintiffs' request for relief is compatible with California law.[4] And when the Court weighs that doubt against the very high standard for a

---

[3] To state the Court's concern in a different way, even the Plaintiff's cited case law confirms that a California employee can compete with a former employer if the information the employee uses to solicit business belongs to the employee—not the former employer. See *Cloutier*, 194 Cal. App. 3d at 1054-55. Here, the Court is not persuaded that the Plaintiff has cited to any solid evidentiary basis for the proposition that the Defendants used the *Plaintiff's* data to solicit business. Given that lack of cited evidence, is the Plaintiff seeking to enjoin the Defendants on grounds a California court would not accept? The Court has doubt.

[4] Although the Court does not discuss the other arguments for denial that the Defendants raise in their Response, such as whether the Plaintiff has a legitimate business interest for its requested injunction, those arguments are also

4

preliminary injunction, the Court is not prepared to conclude that the Plaintiff is substantially likely to prevail in this case. For this reason, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion [DE 1-1] is **DENIED**.

The Court does not decide, at this juncture, whether California or Florida law applies to the Plaintiff's claims. That question is for another day, but the question should be carefully briefed, and the parties should have the opportunity to support their arguments with facts developed in discovery, such as facts pertaining to whether the Defendants should be considered employees or independent contractors. In any event, a motion for preliminary injunction initially filed in state court and then quickly briefed in federal court without the benefit of discovery is not, in the Court's case management judgment, the proper procedural vehicle for such a serious question to be analyzed. For example, the evidentiary basis the Plaintiff relies upon to show breach of contract is limited to two text message fragments which, upon review, say nothing with clarity. DE 1-1 at 26-27. Juxtaposed to this terse and confusing evidentiary basis is the extraordinary relief that the Plaintiff requests—to enjoin the Defendants from conducting business. Simply summarized, more thorough legal argument, more discovery, and more evidence are needed for the questions raised in the Motion to be carefully considered by this Court.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of January, 2025.

```
                                    ROBIN L. ROSENBERG
                                    UNITED STATES DISTRICT JUDGE
```

---

persuasive enough to at least place some level of doubt in the Court's mind.